1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11

12 | BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC

Case No:  2:12-cv-03211-JAK-(AJWx)

13 | Plaintiff,

**PROTECTIVE ORDER EXCLUDING PROSECUTION BAR PROVISIONS IN PARAGRAPH 24**

14 | v.

15 | TOSHIBA CORPORATION and TOSHIBA AMERICA INFORMATION

16 | SYSTEMS, INC.

17 | Defendants.

18

19

20

21

22

23

24

25

26

27

28

4839-8596-2772.

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

**A.    Definitions**

1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.    "Designating Party": a Party or non-party that designates information, documents, or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "ATTORNEYS' EYES ONLY – SOURCE CODE."

4.    "CONFIDENTIAL" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5.    "ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that the Designating

4839-8596-2772.

Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  Any technical document designated as "ATTORNEYS' EYES ONLY" is automatically subject to the Prosecution Bar provision set forth in Section G Below.

6.    "ATTORNEYS' EYES ONLY – SOURCE CODE": RTL, HDL, microcode, or other sensitive code (collectively, "SOURCE CODE") that the Designating Party believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. Any document designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" is automatically subject to the Prosecution Bar provision set forth in Section G Below.

(a)

7.    "Producing Party": a Party or non-party that produces Material in this action.

8.    "Receiving Party": a Party that receives Material from a Producing Party.

9.    "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

10.    "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably

necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11.   "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

12.   "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. This definition includes ESI vendors, professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such consultants to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.   Scope**

13.   The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the

Federal Rules of Civil Procedure, or the Court's deadlines provided in the Court's scheduling orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, and the Court's deadlines.

**C.   Access To Designated Material**

14.   CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)   Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)   Counsel of Record;

(c)   Up to three (3) employees of a Receiving Party (including a parent company of a Receiving Party), and necessary secretarial staff, who are responsible for providing oversight of or assistance in the litigation, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and provided an executed copy to all Parties prior to receiving Designated Material, however, as to Designated Material from third parties, absent a court order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party;

(d)   If any Receiving Party believes that more than three (3) employees require access to confidential material, that party may negotiate the issue directly with the Producing Party;

(e)   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed

4

4839-8596-2772.

the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

(f) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g) The Court and its personnel;

(h) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

(i) Court reporters and videographers employed in connection with this case; and

(j) Professional Vendors to whom disclosure is reasonably necessary for this litigation, including copy services, e-discovery services, graphics vendors, trial service vendors and translation services.

15. "ATTORNEYS' EYES ONLY" Material and "ATTORNEYS' EYES ONLY – SOURCE CODE" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material only to the following, in addition to those identified in Paragraphs 26-27 below regarding use of Designated Material at depositions:

(a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record;

(c)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

(d)     The Court and its personnel;

(e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)     Court reporters and videographers employed in connection with this case; and

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, including copy services, e-discovery services, graphics vendors, trial service vendors and translation services.

16.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her.

17.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pretrial and trial proceedings shall be conducted in a manner,

6

subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

**D.   <u>Access By Outside Consultants</u>**

18.     Notice. If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last  five years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years (if any consultancy is confidential, the parties shall meet and confer as to information needed by the other Parties in order to evaluate the Outside Consultant's work); and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B.

19.     Objections. The Designating Party shall have ten (10) days from receipt of the notice specified in Paragraph 17 to object in writing to such disclosure. Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event

7

the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, then the party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the Protected Material. Failure to raise this matter with the Court within ten (10) business days after service of the objection shall be deemed approval, and the person(s) shall thereafter be qualified to have access to Protected Material.  If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party timely raises this matter with the Court as set forth above, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

**E.**     **Production of ATTORNEYS' EYES ONLY – SOURCE CODE Material**

20.    Source code.

(a)    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party or otherwise produced by the Producing Party directly to the Receiving Party, if SOURCE CODE designated as "ATTORNEYS' EYES ONLY - SOURCE CODE" is to be made available for inspection, SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" shall only be provided, upon request, on at least two stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) at secure locations, to be made available during regular business

8

hours (9:00 am to 5:00 pm, local time) on reasonable notice of at least two business days, absent exigent circumstances or otherwise agreed to by the Producing Party. The parties agree to negotiate access from 5:00 p.m. through midnight local time on weekdays and will meet and confer individually in good faith to provide such access. Upon reasonable notice, the parties agree to provide reasonable access to secure locations on Saturdays and Sundays and will meet and confer individually in good faith to provide such access. The Receiving Party is expected and agrees to make reasonable efforts to restrict its access to normal business hours except where necessary to accommodate the work schedules of its source code reviewers. The Producing Party is expected and agrees to reasonably permit after hours and weekend access to accommodate such circumstances. At the Producing Party's selection, the secure locations will be either in California, and/or Washington, D.C., or other location agreed to by the parties.  The secure locations will be at the offices of Counsel of Record, the offices of the producing party, or an escrow facility. If the production of source code is at an escrow facility, all reasonable costs associated therewith will be shared equally between the Receiving Party and the Producing Party other than costs associated with software for reviewing the source code which shall be paid for by the party requesting such software. If the production of source code is at a location other than an escrow facility, the costs associated with software for reviewing the SOURCE CODE shall be paid for by the party requesting such software. Upon written request by the Receiving Party, beginning one week prior to the beginning of

9

1   trial and continuing through the end of trial, access to the

2   source code must be provided under the same conditions and

3   with the same limitations and restrictions as provided in this

4   Paragraph in Los Angeles, California.

5   (b)   The Receiving Party (including all experts, consultants, lawyers

6   retained by the Receiving Party who may review the source

7   code under this Protective Order) may use and, to the extent

8   necessary, load onto the secure computer(s) searching or

9   analytical tools for inspection of the source code, so long as the

10  searching or other analytical tools for inspection of the source

11  code is disclosed by the Requesting Party at least two (2)

12  business days in advance of the inspection, providing however

13  that the Producing Party reserves all objections to any such

14  searching or analytical tools. The Receiving Party may create a

15  back-up copy of the source code on the stand-alone

16  computer(s). The searching or analytical tools may annotate,

17  number the lines of, and label the pages of, the backup copy of

18  the code. Any back-up copies will remain on the stand-alone

19  computer(s) and be subject to all of the provisions of this

20  Protective Order. The Receiving Party is permitted to use

21  laptop computers to take notes, record observations, etc., so

22  long as the laptop computers are never connected to the stand-

23  alone computer(s) and are not used to record the source code

24  itself.

25  (c)   The Producing Party must enable the Receiving Party to print

26  paper copies of code at the time of inspection by the Receiving

27  Party, which paper copies shall be limited to the aspects of the

28  code directly necessary to the issues in the case. Furthermore,

[PROPOSED] PROTECTIVE ORDER WITH COMPETING PROSECUTION BAR PROVISIONS
CASE NO. 2:12-CV-03211-JAK-AJW

4839-8596-2772.

the parties will also exchange (by hand delivery or overnight delivery) copies of the paper copies of source code to be used as exhibits for court proceedings, expert reports, and at depositions, when so used. These additional copies will be treated the same as the original print outs.

21.     The Producing Party will produce source code in computer searchable format at the secure location in the manner described above in Paragraph 19, but need not produce executable code, unless requested by the Receiving Party. The Producing Party also need not produce prior versions of the source code, unless requested by the Receiving Party. All source code produced shall be organized in one or more separate directories corresponding to accused product(s) and/or accused model numbers or in the same directory structure as the source code is kept or compiled in the ordinary course of business. Further, to the extent files for one particular version of source code are grouped together in a single folder in the ordinary course of the Producing Party's business, the Producing Party shall produce the source code in that manner.  If, for any reasons, source code files are not produced for review, but, in the Receiving Party's sole determination, such missing source code is deemed to be necessary to understand the operation of the accused products, the parties agree to promptly meet and confer over the production of any and all missing source code files requested by the Receiving Party in a timely manner in the format described above. The Producing Party shall not undertake any effort to determine which pages or portions of source code have been reviewed. The Producing Party shall not videotape the actual review of the source code by the Receiving Party. The Producing Party is permitted to audit the review of the source code by the Receiving Party from time to time with reasonable advance notice (e.g., a knock on the door of the room at the secure location), but will not interfere with any work-product or listen to other private communications between the Receiving Party reviewing the source code.

22.     The Producing Party will enable the Receiving Party to print paper copies of specific portions of SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" at the time of inspection by the Receiving Party, which the Receiving Party may take when completing an inspection. The Producing Party shall maintain a SOURCE CODE Access Log identifying, for each and every time any SOURCE CODE is viewed, or accessed at the secure location: (1) the name of each person who accessed the SOURCE CODE; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of SOURCE CODE were printed. Upon printing, the Producing Party shall promptly Bates label the printed portions of the code and provide a copy to the Receiving Party. The Producing Party shall also retain copies of any portions of SOURCE CODE printed. The entire code or an unnecessarily large portion of the code shall not be printed. The Receiving Party shall maintain a log of all files that are printed or photocopied. Paper copies of SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" shall include Bates number and confidentiality labels when printed. The Receiving Party or Outside Consultants of the Receiving Party shall keep the printouts or photocopies in a secured locked area in the office of the Counsel of Record when not in use. The Receiving Party and Outside Consultants may also temporarily keep the printouts or photocopies at: (i) the sites where any depositions relating to the SOURCE CODE are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).  SOURCE CODE may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

4839-8596-2772.

**F.      Financial Summaries**

23.      For the mutual convenience of the parties, a Producing Party may generate certain financial summaries for the purpose of this litigation. To the extent a Producing Party produces such financial summaries in a digital format (e.g., PDF, TIFF, Word, or Excel file) and password protects such summaries, the Receiving Party will maintain such password protection.

**G.      Prosecution Bar**

24.      Prosecution Bar.  The parties note that they have differing views regarding the appropriate prosecution bar, they have briefed the issues regarding the appropriate prosecution bar (Doc. Nos. 93, 109, 110), and the Court held a hearing regarding the prosecution bar provision on May 20, 2013.  The parties agree that the status quo shall remain in effect with respect to the prosecution bar issue until the Court rules on the issue.

**H.      Use Of Designated Material**

25.      Use Of Designated Material By Receiving Party. Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation, except as described below in this Paragraph 25 and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent Office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

26.      Use Of Designated Material By Designating Party. Nothing in this Order shall limit any Designating Party's use of its own documents and

13

4839-8596-2772.

information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

27.  Use of Designated Material at Depositions. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge.  The following general guidelines also apply:

(a)  A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material that has been produced by that party;

(b)  A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, that has been produced by that Party and that pertains to the period or periods of his or her employment; and

(c)  non-parties may be examined or may testify concerning any document containing Designated Material of a Producing Party that appears on its face, or from other documents or testimony, to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall

14

4839-8596-2772.

be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

28.     A witness who previously had access to a document designated "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE." The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE." The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the

4839-8596-2772.

transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order). The restrictions in this Paragraph apply only to a witness who is not subject to this Order.

**I.**   **Procedure for Designating Materials**

29.     Subject to the limitations set forth in this Order, a Designating Party may: designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith, meets the definition set forth in Paragraph 4 above; designate as "ATTORNEYS' EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 5 above; and designate as "ATTORNEYS' EYES ONLY – SOURCE CODE" information that it believes, in good faith, meets the definition set forth in Paragraph 6 above..

30.     Except as provided above in Section E with respect to "ATTORNEYS' EYES ONLY – SOURCE CODE" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

31.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section I before the Material is disclosed or produced.

32.     Designation in conformity with this Order shall be made as follows:

(a)     For information in documentary form (apart from transcripts of

16

4839-8596-2772.

depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" on each page that contains Designated Material.

(b)  For testimony given in deposition, or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired.

(c)  For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."

(d)  The provisions of subparagraphs 32(a)-(c) do not apply to documents produced in native format. For documents produced

17

in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production, label the production medium and identify the confidentiality in the filename of the document.

**J.      No Waiver of Privilege**

33.     Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after  a Party becomes aware of any such disclosure, that Party designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return or destruction of such documents. Upon request, the Receiving Party shall immediately retrieve and return or destroy all copies of such document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

**K.      Inadvertent Failure To Designate**

34.     An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES

18

ONLY – SOURCE CODE." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

**L.  <u>Filing Designated Material</u>**

35.     Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material, but must file such Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed filing, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY INFORMATION - UNDER PROTECTIVE ORDER," or "ATTORNEYS' EYES ONLY – SOURCE CODE INFORMATION – UNDER PROTECTIVE ORDER," as appropriate, and a statement substantially in the following form:

This filing contains confidential information filed in this case by (name of party) and its contents shall not be displayed or revealed except by order of the Court presiding over this matter.

**M.  <u>Challenges to Confidentiality Designations</u>**

36.     The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and "ATTORNEYS' EYES ONLY – SOURCE CODE."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL Material, ATTORNEYS' EYES ONLY Material, or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material have been improperly designated.

37.     If any Party disagrees with the designation of any documents or

19

4839-8596-2772.

information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - SOURCE CODE," then the parties to the dispute, after providing notice to the Producing Party, shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court, in accordance with C.D. Cal. L.R. 37-1. All documents and information objected to shall continue to be treated as originally designated by the Producing Party, pending resolution of the dispute.  If the dispute cannot be resolved informally, then the objecting party may file an application with the Court seeking to have the confidential designation removed or altered, in accordance with C.D. Cal. L.R. 37-2. The Producing Party shall bear the burden of establishing that the documents and/or information is properly designated pursuant to the terms of this Protective Order.  The documents and/or information shall continue to be treated as originally designated by the Producing Party pending resolution of the dispute.

38.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

**N.**    **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

39.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in

4839-8596-2772.

this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE," the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.    Unauthorized Disclosure Of Designated Material**

40.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**P.    Non-Party Use of this Protective Order**

41.     A non-party that produces Material voluntarily, or pursuant to a

4839-8596-2772.

subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

42.    A non-party's use of this Protective Order to protect its "CONFIDENTIAL" Material, "ATTORNEYS' EYES ONLY" Material, or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material does not entitle that non-party access to "CONFIDENTIAL" Material, "ATTORNEYS' EYES ONLY" Material, or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material produced by any Party in this case.

**Q.    Discovery from Outside Consultants**

43.    Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.

44.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

45.    No conversations or communications between Counsel of Record and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

46.    Materials, communications (including email) and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-

work product for the purposes of this litigation and Protective Order.

**R.   Communications between Party and Counsel of Record**

47.     The parties agree that privileged or protected communications occurring on or after November 18, 2011 need not be recorded on the party's privilege log or produced in this case.

**S.   Duration**

48.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**T.   Final Disposition**

49.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section S (Duration), above.

**U.   Miscellaneous**

50.     Any of the notice requirements herein may be waived, in whole or in

23

4839-8596-2772.

part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

51.    This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

52.    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

53.    The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.


SIGNED this  9th  day of July, 2013.

/s/  Andrew J.Wistrich

The Honorable Andrew Wistrich
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## <u>BY PROTECTIVE ORDER</u>

I, _____ [print or type full name], state:

1.      My business address is

_____;

2.      My present employer is

_____;

3.      My present occupation or job description

_____;

4.      I agree to keep confidential all information provided to me in the matter of BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC v. TOSHIBA CORPORATION and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., Civil Action No. 2:12-cv-03211-JAK-AJW (C.D. Cal.) in the United States District Court for the Central District of California, Western Division, in accordance with the restrictions in the Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to this Protective Order.

5.      I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

4839-8596-2772.

6.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[Printed name]

_____
[Signature]

4839-8596-2772.

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me or of a competitor of the opposing Party and will not use any information, documents, or things that are subject to the Protective Order in the matter of BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC v. TOSHIBA CORPORATION and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., Civil Action No. 2:12-cv-03211-JAK-AJW (C.D. Cal) for any purpose other than this litigation. If at any time after I execute this Certificate of Consultant and during the pendency of the Action and my retention, I decide to accept employment by a competitor of the opposing Party, I will promptly (before I become employed) inform the counsel for the party who retained me in the Action and the opposing party, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "ATTORNEYS' EYES ONLY – SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[Printed name]


_____
[Signature]

27

4839-8596-2772.